

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

EDWARD FISCELLA,                                        :
    *On behalf of himself and others similarly situated*   :

                Plaintiff                :

v.                                                      :
                                                       :
INTELIUS, INC.                                          :     Civil No.:
                                                       :
    SERVE:     LPSL Corporate Services, Inc.           :     *3:10CV186*
            1420 Fifth Avenue, Suite 4100          :
            Seattle, WA 98101                      :
                                                       :
                Defendant.               :

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff Edward Fiscella, on behalf of himself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

1.      Plaintiff Edward Fiscella, on behalf of himself and all others similarly situated, brings this consolidated Complaint, by and through his attorneys, for declaratory relief and damages arising out of the systematic issuance of erroneous consumer reports by Defendant Intelius, Inc. ("Intelius") and its policies and procedures which mandate how it will respond to requests by consumers for a copy of their consumer disclosure, or that inaccurate information within Intelius should be removed. Intelius has negligently and willfully failed to employ reasonable procedures to ensure the maximum possible accuracy of its consumer reports. Even after consumers informed Intelius of the numerous and egregious inaccuracies contained within their consumer reports based on its severely deficient matching algorithm, Intelius has negligently and willfully failed to consistently and adequately correct the erroneous information

1

and to otherwise conduct its handling of consumer disputes and requests for consumer disclosures as required by the law. Intelius' conduct in all regards violates the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.

## JURISDICTION

2.      The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681n and § 1681p.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b), as the Defendant regularly does business in the district and division.

## PARTIES

4.      Plaintiff Edward Fiscella is a citizen of the Commonwealth of Virginia and is a natural person and "consumer" as defined by the FCRA.

5.      Defendant Intelius is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) which regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties. Intelius is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

6.      Specifically, in both regards, Defendant Intelius sells these consumer reports to third parties under contract for monetary compensation.

## FACTS

7.      On or about May 26, 2009, Defendant Intelius prepared a consumer disclosure regarding Plaintiff Fiscella.

8.      The consumer disclosure was inaccurate. Amongst other errors regarding Plaintiff's personal identifying information including his race and date of birth, Defendant

2

incorrectly reported that Plaintiff had been convicted of driving while intoxicated on May 4, 1993.

9.     Plaintiff Fiscella has never been convicted of driving while intoxicated.

10.     Plaintiff thereafter contacted Defendant Intelius and disputed each of the inaccuracies and errors contained in the report in an effort to ensure that the reports published by Intelius regarding him in the future would not state that he had been convicted of driving while intoxicated.

11.     In response to Plaintiff's efforts to dispute the information contained in his Intelius file, an Intelius representative informed Plaintiff that he must produce evidence from the courthouse to demonstrate proof of inaccurate reporting by the Defendant, effectively requiring Plaintiff to affirmatively prove a negative -- that he had not been convicted of driving under the influence.

12.     After researching it on his own, Plaintiff explained to the Intelius representative that the criminal case number erroneously listed on his report does not exist in the courthouse records, which are not available back to 1993.  Therefore, Plaintiff could not perform the research that Intelius demanded that he perform in order to obtain Intelius's agreement not to defame him in the future.

13.     Plaintiff subsequently disputed the inaccuracies and errors to Intelius in writing.

14.     Defendant Intelius responded to Plaintiff with a vague form letter that informed the Plaintiff that it would not investigate his disputes.  It did so in accordance with its uniformly implemented policies and procedures.

15.     The Intelius letter further asserted that Intelius criminal reports are derived from a public record search and that its policies for compiling criminal background reports were such

that a criminal record would be returned if Plaintiff's first name and last name matched those

found on any public record of criminal conviction in that state.

16.     The Intelius letter further indicated that it does not "update, or otherwise edit, the

information received" from public record searches.

17.     A true and accurate copy of this letter sent by the Defendant to the Plaintiff in

response to his dispute is attached hereto as "Exhibit A."

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681i(a)
### (Class Action Allegations)

18.     The allegations set forth in paragraphs 1-17 above are re-alleged and incorporated

by reference as if fully set forth herein.

19.     Following receipt of disputes from consumers, Intelius has failed to provide

notice of those disputes to the furnishers of the information, including all relevant information

provided by consumers.

20.     As a result of Intelius' failure to provide notices of disputes and all relevant

information regarding the dispute to the furnishers of the information before the expiration of the

5-business-day period beginning on the date on which it received disputes from any consumer,

Intelius violated 15 U.S.C. § 1681i(a) as to Plaintiff Fiscella and as to all consumers who

disputed information in their Intelius files.

21.     Plaintiff seeks to maintain this claim as a class action representing a class

consisting of the following members:

> All individuals who disputed information contained in their Intelius files to the
>
> Defendant within the two-year period preceding the filing date of the Complaint
>
> regarding which Intelius thereafter failed to provide notice of the dispute to at

4

least one furnisher of the information contained therein within 5 business days. (hereafter, "the 1681i(a) class").

22. **Ascertainability/Numerosity:** The 1681i(a) class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are thousands of members of the class, and therefore, it would be impracticable to bring all or even a substantial percentage of such claims before the Court as individual claims.

23. **Typicality:** The claims of the named Plaintiff are typical of the claims of each member of the class he seeks to represent, because Plaintiff disputed information contained in his Intelius file, and Intelius thereafter failed to provide notice of Plaintiff's dispute to at least one furnisher of the information contained therein, just as Plaintiff alleges that Intelius did with respect to the putative class members.

24. **Adequacy of Representation:** Plaintiff is an adequate representative of the class he seeks to represent, because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interests are not in any way antagonistic to those of the other class members; and (c) he is represented by counsel experienced in litigating major class actions and claims under the FCRA and other consumer protection statutes.

25. **Commonality:** There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the class are whether Intelius violated the Fair Credit Reporting Act by failing to provide notice of the putative class members' disputes to the furnisher(s) of information within 5 business days of receipt of their disputes.

5

26.     **Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2):**  Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P. 23(b)(2), because Intelius has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate.

27.     **Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3):**  Class certification of Plaintiff's claims for willful failure to handle consumers' disputes properly is also appropriate under Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact relating to Plaintiff's willful violation claims predominate over questions affecting only individual members.  Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims.  For the vast majority of members of the class, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually.  Further, requiring each class member to pursue his or her claim individually would entail needless duplication of effort would waste the resources of both the parties and the Court and risk inconsistent adjudications.

28.     Intelius's failure to comply with the requirements of 15 U.S.C. § 1681i(a) is willful within the meaning of 15 U.S.C. § 1681n(a).

29.     As a result of Intelius's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a), Plaintiff Fiscella and class members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2).

**SECOND CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1681i(f)**
**(Class Action Allegations)**

30.     The allegations set forth in paragraphs 1-29 above are re-alleged and incorporated by reference as if fully set forth herein.

6

31.     Following receipt of disputes from consumers, Intelius has failed to provide notice of those disputes to the furnishers of the information, including all relevant information provided by the consumers.

32.     As a result of Intelius' failure to correct or delete the inaccurate information in consumers' files, to convey the notice of consumers' disputes to the consumer reporting agencies which provided it with the information that is the subject of dispute, and to re-convey the notice of reinvestigation by the consumer reporting agency, including any notices of deletion, to the consumers, Intelius violated 15 U.S.C. § 1681i(f) as to Plaintiff Fiscella and as to all consumers who disputed information in their Intelius files.

33.     Plaintiff seeks to maintain this claim as a class action representing a class consisting of the following members:

> All individuals who disputed information contained in their Intelius files to the Defendant within the two-year period preceding the filing date of the Complaint regarding which Intelius thereafter failed to correct or delete the inaccurate information in consumers' files, to convey the notice of consumers' disputes to the consumer reporting agencies which provided it with the information that is the subject of dispute, and to re-convey the notice of reinvestigation by the consumer reporting agency, including any notices of deletion, to the consumers.  (hereafter, "the 1681i(f) class").

34.     **Ascertainability/Numerosity:**  The 1681i(f) class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria.  There are thousands of members of the class, and therefore, it would be impracticable to bring all or even a substantial percentage of such claims before the Court as individual claims.

7

35.   **Typicality:** The claims of the named Plaintiff are typical of the claims of each member of the class he seeks to represent, because Plaintiff disputed information contained in his Intelius file, and Intelius thereafter failed correct or delete the inaccurate information in his file, to convey the notice of his disputes to the consumer reporting agencies which provided it with the information that was the subject of his dispute, and to re-convey the notice of reinvestigation by the consumer reporting agency, including any notices of deletion, just as Plaintiff alleges that Intelius did with respect to the putative class members.

36.   **Adequacy of Representation:** Plaintiff is an adequate representative of the class he seeks to represent, because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interests are not in any way antagonistic to those of the other class members; and (c) he is represented by counsel experienced in litigating major class actions and claims under the FCRA and other consumer protection statutes.

37.   **Commonality:** There are questions of law and fact common to all members of the Class.  The overarching questions of law and fact that are common to all members of the class are whether Intelius violated the Fair Credit Reporting Act by failing to provide notice of the putative class members' disputes to the consumer reporting agencies that provided the information to Intelius.

38.   **Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2):** Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P. 23(b)(2), because Intelius has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate.

8

39.     **Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3):**   Class

certification of Plaintiff's claims for willful failure to handle consumers' disputes properly is also

appropriate under Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact relating to

Plaintiff's willful violation claims predominate over questions affecting only individual

members.  Moreover, the class action vehicle is superior to other available methods for the fair

and efficient adjudication of these claims.  For the vast majority of members of the class, the

amount of any potential recovery is too small to justify the cost of prosecuting their claims

individually.  Further, requiring each class member to pursue his or her claim individually would

entail needless duplication of effort would waste the resources of both the parties and the Court

and risk inconsistent adjudications.

40.     Intelius's failure to comply with the requirements of 15 U.S.C. § 1681i(f) is

willful within the meaning of 15 U.S.C. § 1681n(a).

41.     As a result of Intelius's willful noncompliance with the requirements of 15 U.S.C.

§ 1681i(f), Plaintiff Fiscella and class members are entitled to statutory and punitive damages

under 15 U.S.C. § 1681n(a)(1) and (a)(2).

**WHEREFORE,** Plaintiff respectfully prays:

1.     That the practices and procedures of Intelius complained of herein be determined,

declared, and adjudged to be in violation of the rights of Plaintiff and class members under the

FCRA;

2.     That this Court enter an Order certifying all of the claims of the putative class

alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) or, in the alternative, certifying the claims of

the putative class for willful violations of the FCRA under Fed. R. Civ. P. 23(b)(3);

9

3.    That, in accordance with 15 U.S.C. § 1681n(a), judgment be entered in favor of Plaintiff and the class members, individually and class-wide on the respective claims, and against Intelius for statutory and/or punitive damages in amounts to be determined at trial;

4.    That, in accordance with 15 U.S.C. § 1681n(a)(3) and 1681o(a)(2), Plaintiff and the class members be awarded the costs of this action together with reasonable attorney's fees as the Court may determine;

5.    That Plaintiff and class members be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable, on behalf of himself and the members of the putative classes.

Respectfully submitted,
**EDWARD FISCELLA,** *individually and on behalf of similarly situated individuals,*


By: _____
                    Of Counsel

Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com

Leonard A. Bennett, VSB #37523
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.

10

12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Tel:    757-930-3660
Fax:    757-930-3662
lenbennett@clalegal.com

11