IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EDWARD FISCELLA, on behalf of himself
and others similarly situated,

                            Plaintiff,

     v.

INTELIUS, INC.,

                            Defendant.

Action No. 3:10–CV–186

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss based on Rule 12(b)(6) (Dock. No. 4), or in the alternative, Motion for Summary Judgment (Dock. No. 6). For the reasons that follow, the Court will GRANT the Motion to Dismiss.

**I. BACKGROUND**

In his Complaint, Plaintiff Edward Fiscella alleges that Defendant Intelius, Inc. violated the Fair Credit Reporting Act ("FCRA") in connection with a report Fiscella requested from Intelius. Intelius is an information commerce company that runs the website www.intelius.com where consumers can obtain public records, such as addresses, phone numbers, and public court records. To obtain these records, a user enters the first and last name and state of residence of any individual and then submits the search, allowing the website to return any public records that contain the search terms in the form of a search report. This type of search often yields multiple individuals with the same

1

name that live in the same state.  The site does not return all of the information on the search terms until the user pays a fee.

In April 2009, Fiscella visited Intelius's website and ran a search using the search terms "Edward Fiscella" and "Virginia."  Of the several types of reports available on the site, Fiscella purchased a report called the "People Search Report."  By purchasing the Report, Fiscella agreed to the Intelius Consumer Site Terms and Conditions.  Once Fiscella confirmed his purchase, he gained access to the full People Search Report containing his requested search terms.  Thus, the Report listed various public records relating to different individuals named "Edward [or Ed] Fiscella" who are or were located in Virginia, including people with a different age and race than the Plaintiff Fiscella.  The Report includes addresses and a listing of traffic infractions.  Again, the Report Fiscella requested is <u>not</u> a report solely about him, but rather provides a list of all individuals that match the search term he entered.  The Report reminds the user of this fact at several points.  On the right side of the Report, a section entitled "What is a People Search Report?" states that "[t]his section lists current and historical people search records that share the same name and state as your search subject."  The section of the Report entitled "State Criminal Check" further reminds users to "closely review each record as subjects with a common name may return multiple criminal record results."

The Report Fiscella purchased contained a number of traffic infraction records for several different individuals named Edward Fiscella.  It is apparent that the records pertain to different individuals because while the name may be the same, the individuals have different birth dates and races.  As stated on the Report at "Record 4," Fiscella is a white

male born in 1963.  Labeled as "Record 5," the Report lists that there is a black male born in 1964 also named Edward Fiscella who has been convicted of driving while intoxicated.  (Intelius Mem. in Supp. Mot. to Dismiss, Ex. 3, at 2-3.)  Other individuals named Edward Fiscella with different birth dates are also provided on the Report.

On August 15, 2009, Fiscella wrote to Intelius requesting that it correct Record 5 because Fiscella noted he is not black, was not born in 1964, and has not been convicted of driving while intoxicated.  (Intelius Mem. in Supp. Mot. to Dismiss, Ex. 4.)  A month later, Intelius replied to Fiscella's letter by reminding him of the nature of the Report:

> When requesting a people report, it is important to note that the report will yield results for anyone in the specified state with the same search criteria (first and last name).  If the specific criminal record you are referring to does not match up with your information (date of birth, race, etc.), than [sic] the criminal record does not pertain to you.

(Compl., Ex. A.)

Unsatisfied with that response, Fiscella thereafter filed his two-count Class Action Complaint with this Court, asserting violations of FCRA.  In Count I, Fiscella asserts he disputed the accuracy of the information in the Report, but Intelius failed to provide notice of the dispute to the "furnishers of the information," in violation of 15 U.S.C. § 1681i(a)(1)(A). In Count II, Fiscella contends that Intelius failed "to correct or delete the inaccurate information in consumers' files, to convey the notice of consumers' disputes to the consumer reporting agencies which provided it with the information that is the subject of dispute, and to re-convey the notice of reinvestigation by the consumer reporting agency, including any notices of deletion, to the consumers . . . ."  (Compl. 32.)  In response

to arguments made in Intelius's Motion to Dismiss, Fiscella concedes that Count II should be dismissed. (Fiscella Resp. 1.) He maintains, however, that Count I should go forward.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a complaint stating a claim for relief to contain a short plain statement of the claim that gives the defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Defendants police this requirement using Rule 12(b)(6), which permits a party to test the legal sufficiency of a complaint. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). A 12(b)(6) motion does not, however, "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. As a result, in resolving a 12(b)(6) motion, a court must regard all of plaintiff's well-pleaded allegations as true, Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proved consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). With these principles in mind, the court must ultimately ascertain whether the plaintiff has stated a "plausible, not merely speculative, claim for relief." Twombly, 550 U.S. at 555.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.  While Rule 8(a)(2) requires a showing, not simply a blanket assertion of "entitlement to relief," the plaintiff is not required to show that it is likely to obtain relief.  Twombly, 550 U.S. at 556 n.3; Iqbal, 129 S. Ct. at 1949.  In the end, if the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Twombly, 550 U.S. at 563 n.8.

### III. DISCUSSION

Count I of the Complaint alleges a violation of 15 U.S.C. § 1681i(a)(1)(A).  That section states

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

Id.  Thus, to maintain a cause of action under 15 U.S.C. § 1681i(a)(1)(A), Fiscella must allege, at a minimum, that he brought inaccurate or incomplete information in his file to the attention of a consumer reporting agency which then failed to reasonably reinvestigate the disputed information by recording the current status of the information or deleting it from the file within thirty days of receiving notice of the dispute.  Id. §§ 1681a(f) (defining "consumer reporting agency"), 1681a(g) (defining "file"), 1681i(a)(1)(A).

In this case, the parties disagree over the required elements of Fiscella's claim, but even if the Court were to accept Fiscella's interpretation, the case would still fail to state a legally cognizable claim. Fiscella argues that to state a claim under § 1681i, he need not, as Intelius asserts, show that the Report was published to a third party or that Intelius is a consumer reporting agency as to him. Instead, he says he must only plead facts showing that (1) he disputed the completeness or accuracy of the information (2) in his file at a consumer reporting agency that then (3) did not conduct an investigation to determine whether the disputed information was inaccurate by contacting the source of the disputed information. (Fiscella Memo. 20-21.) Resolving this Motion does not, however, require evaluating whether the Report had to be published, whether the Report is a "consumer report" under FCRA, or whether Intelius is a "consumer reporting agency" as to Fiscella under FCRA. Rather, a common sense reading of the plain language of the statutory provision provides a clear answer.

A consumer reporting agency's duty to reinvestigate is triggered when "information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly." 15 U.S.C. § 1681i. A "file" is defined as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." Id. § 1681a(g). Here, Fiscella has not—and cannot on these facts—claim that Intelius created a "file" on Fiscella that contains disputed information that requires a reinvestigation. Fiscella does not have the statutory right to request Intelius to reinvestigate any consumer's file he sees fit nor the statutory or constitutional right to make that assertion to this Court. Under the FCRA, he may ask for a

6

reinvestigation in connection with his file and he may pursue his claim in court if the request he makes in connection with his file is not honored. But, the Report he purchased or the information Intelius has at its disposal in connection with all individuals named "Edward Fiscella" in Virginia is not collectively a "file" on this Plaintiff. The Report states as much and Intelius has repeated that fact to Fiscella after he made (for reasons only he could explain) his odd request to have another Edward Fiscella's records removed or altered. The Record 5 listed in the Report is for an individual born in a different year and of a different race. Thus, to the extent he asserts that Intelius should correct the file on the Edward Fiscella of a different race, a different age, and convicted of DWI, Plaintiff has no standing to make this claim. Although the FCRA permits wrongful attribution claims, see, e.g., Apodaca v. Discovery Fin. Servs., 417 F. Supp. 2d 1220, 1222 (D. N.M. 2006), he has presented no facts suggesting that information about someone else is in his file at Intelius. To the extent Plaintiff alleges that the information on him should have been reinvestigated, but was not, he has not made any allegations that any information produced or held by Intelius in connection with him is inaccurate. See Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) ("[A] consumer who brings a § 1681i failure to reinvestigate claim must first show that his 'credit file contains inaccurate or incomplete information.'" (quoting Thomas v. Trans Union, LLC, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002))). This Edward Fiscella has certain rights under the FCRA, but, on these facts, controlling information that Intelius reports on other individuals who happen to have the same name as him is not one of them.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss and DENIES the Motion for Summary Judgment as MOOT.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

>                  /s/
> James R. Spencer
> Chief United States District Judge

Entered this   10th    day of June 2010